

FILED
CLERK, U.S. DISTRICT COURT
8/25/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2023 Grand Jury

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>GABRIEL GONZALES,<br>　aka "Lil G,"<br><br>　　　　Defendant. | CR No. 2:23-cr-00423-DSF<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
|---|---|

The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

On or about May 19, 2023, in Los Angeles County, within the Central District of California, defendant GABRIEL GONZALES, also known as "Lil G," knowingly possessed a firearm, namely, a Ruger model P94, .40 caliber pistol, bearing serial number 340-79547, and ammunition, namely, five rounds of Precision Made Cartridges .40 caliber ammunition and one round of Federal Cartridge Company .40 caliber ammunition, each in and affecting interstate and foreign commerce.

Defendant GONZALES possessed such firearm and ammunition knowing that he had previously been convicted of a felony crime punishable by

a term of imprisonment exceeding one year, namely, Vandalism, in violation of California Penal Code Section 594(a), in the Superior Court of the State of California, County of Los Angeles, Case Number VA105735, on or about August 19, 2008.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//
//

```
1  substantially diminished in value; or (e) has been commingled with
2  other property that cannot be divided without difficulty.
```

                                                  A TRUE BILL


                                                       /s/
                                                  _____
                                                  Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

DECLAN T. CONROY
Assistant United States Attorney
General Crimes Section