E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JOSEPH S. GUZMAN (Cal. Bar No. 310493)
Assistant United States Attorney
General Crimes Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2438
     Facsimile: (213) 894-0141
     E-mail:   Joseph.Guzman2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>       v.<br><br>GABRIEL GONZALES,<br><br>             Defendant. | No. 2:23-cr-00423-DSF<br><br>ORDER GRANTING GOVERNMENT'S MOTION TO HOLD IN ABEYANCE DEFENDANT'S MOTION TO DISMISS THE INDICTMENT |

This Court has read and considered the Government's Motion to Hold in Abeyance Defendant's Motion to Dismiss the Indictment, filed on May 24, 2024.  The Government's Motion is GRANTED.  The Court hereby finds as follows:

(1)  Defendant's motion to dismiss will be held in abeyance until a decision on the government's petition for rehearing en banc in United States v. Duarte, 2024 WL 2068016 (9th Cir. 2024), or for 60 days, whichever is earlier.

  (2) The Court further finds that this period of time is excludable in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(ii).

  (3) The Government's Motion also provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(D).

  (4) Once the petition for rehearing en banc in Duarte is resolved, the Court will set a hearing at which time it will consider defendant's motion to dismiss.  Until then, defendant's motion to dismiss is not "under advisement" within the meaning of 18 U.S.C. § 3161(h)(1)(H) because the disposition of the government's en banc petition by the Ninth Circuit is necessary to the Court's disposition of the motion to dismiss.

  (5) Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

  IT IS SO ORDERED.

June 3, 2024
DATE

HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

 /s/
JOSEPH S. GUZMAN
Assistant United States Attorney